FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 8 2005 ★
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY FODERA,

               Plaintiff,

  - against -

THE LOCAL 813 INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,
THE TRUSTEES OF THE LOCAL 813
I.B.T. PENSION TRUST FUND, AND
THE LOCAL 813 AND LOCAL 1034
SEVERANCE TRUST FUND,
SYLVESTER NEEDHAM, PRESIDENT
OF THE LOCAL 813 I.B.T. AND SEAN
T. CAMPBELL,

              Defendants.
------------------------------------------------------------X

05 CV 2489 (SJ)

MEMORANDUM
and ORDER

APPEARANCES:

GEBHARDT & KIEFER, P.C.
1318 Route 31
P.O. Box 4001
Clinton, NJ 08809
By:   Robert V. Fodera
Attorney for Plaintiff

EISNER & ASSOCIATES, P.C.
113 University Place
New York, NY 10003
By:   Marc A. Steier
Attorney for Defendants

JOHNSON, Senior District Judge:

     Plaintiff Anthony Fodera ("Plaintiff") brings this action against Defendants Local

1

813 International Brotherhood of Teamsters ("I.B.T."), Trustees of the Local 813 I.B.T. Insurance Trust Fund, Trustees of the Local 813 I.B.T. Pension Trust Fund, Trustees of the Local 813 and Local 1034 Severance Trust Fund (collectively, "the Funds"), Sylvester Needham, President of the Local 813 I.B.T., and Sean T. Campbell (collectively, "Defendants") pursuant to Sections 101(a)(2), 102 and 609 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C.A. §§ 411(a)(2), 412 and 529 ("LMRDA"), alleging that Plaintiff's union membership and benefits were terminated arbitrarily and capriciously, and that he was denied adequate notice and an opportunity to appeal the termination. Currently before the Court is Plaintiff's application for a preliminary injunction enjoining Defendants from terminating his union membership and benefits. For the reasons explained below, Plaintiff's request for a preliminary injunction is DENIED.

## BACKGROUND

Plaintiff had been a member of Local 813 I.B.T and the Funds via a collective bargaining agreement with his employer, Delta Waste ("Delta"), which "governs the wages, hours and other working conditions of the Chauffeurs and Helpers in private sanitation." (Compl. ¶ 12.) According to Plaintiff's Verified Complaint, Plaintiff serves as a Helper and "is responsible for customer service and collections." (Id. at ¶ 15.) Plaintiff asserts that his "position is eligible for membership in the Union pursuant tot he Recognition clause of the Agreement between Local 813 and Delta . . . . [which] provides in pertinent part: 'The area of work includes <u>but not by way of limitation</u>, loading and/or removing garbage, rubbish, cinders, ashes, waste materials, building debris and similar

2

P-049

products.'" (Id. at ¶¶ 15, 16.) Defendants contend that Plaintiff is ineligible for Local 813 membership because he "never worked as a 'chauffeur' (i.e. driver) or helper but rather worked [exclusively] as a 'collector' . . ." (Eisner Aff. at ¶ 8 (citing McClintock Aff. at ¶ 6); see also McClintock Aff. at ¶ 8.)

## DISCUSSION

A party seeking preliminary injunction must show (1) immediate irreparable injury, and (2) either (a) likelihood of success on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardship tipping decidedly towards the movant. See Fed. Express Corp. v. Fed. Expresso, Inc., 201 F.3d 168, 173 (2d Cir. 2000). The Court finds that Plaintiff's allegations are insufficient to demonstrate irreparable harm and therefore, Plaintiff's request for an injunction is DENIED.[1]

Plaintiff maintains that he "only learned that he was expelled from Local 813 in October 2004, when his wife was unable to fill a prescription at their local pharmacy for their ill son and was told by their pharmacist that Fodera's health benefits were terminated." (Pl.'s Mem. of Law Supp. Prelim. Inj. at 1, 4.) However, the record belies Plaintiff's assertion. By letter dated August 17, 2004, Plaintiff was informed that his Local 813 membership was terminated, effective immediately, because he was not performing

---

[1] Because the Court has found that Plaintiff has failed to satisfy the requisite "irreparable harm" criterion, it is unnecessary to reach the second alternative criteria.

3

collective bargaining unit work.[2] (Eisner Aff. Ex. B.)

Plaintiff also claims that "at his own expense, [he] had to secure health benefits for his family and lost the ability to contribute to his pension and severance funds." (Pl.'s Mem. of Law Supp. Prelim. Inj. at 4.) The record before the Court contradicts both declarations as well. According to Defendants, Plaintiff "is still working as a collector for Delta [and] is receiving health insurance benefits paid by Delta . . ." (Needham Aff. at ¶ 15 (citing McClintock Aff. at ¶ 12 ("In or about January 2005 to present, and continuing, Anthony Fodera has advised us that he is covered for health insurance through his brother's company. Accordingly, I have been reimbursing him for same.")).) With respect to the pension and severance funds, the fund administrator informed Plaintiff, by letter dated August 17, 2004, that, "[i]n order to determine your entitlement to Pension and Severance credits for your prior service, you must provide the information requested on the enclosed questionnaire and return a signed, notarized copy of the complete questionnaire" and that "NO APPLICATION FOR BENEFITS FROM THE PENSION FUND AND SEVERANCE FUND WILL BE PROCESSED UNTIL WE RECEIVE THE COMPLETED QUESTIONNAIRE." (Eisner Aff. Ex. F.) Defendants maintain that the requested questionnaire was never received. (Id. at ¶ 16.)

Notwithstanding the apparent factual dispute, the Court finds it unnecessary to issue

---

[1] It is unclear to the Court why Plaintiff would not have received the termination notice until October 2004 given that the letter is dated two months prior to Plaintiff's alleged receipt. (See Pl.'s Mem. of Law Supp. Prelim. Inj. at 4.)

4

P-049

a preliminary injunction in this case because, to the extent that Plaintiff's alleged injury consists of unpaid benefits and fund contributions, he can be compensated monetarily in the event that he succeeds on the merits. See e.g., Register.Com, Inc. v. Verio, Inc., 356 F.3d 393, 427 (2d Cir. 2004) ("[I]rreparable injury is one that cannot be redressed through a monetary award. Where money damages are adequate compensation a preliminary injunction should not issue.") (internal citations omitted); Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd., 339 F.3d 101, 113 (2d Cir. 2003) (internal citations omitted).

Although Plaintiff's motion emphasizes the termination of his health benefits (see Pl.'s Mem. of Law Supp. Prelim. Inj. at 1; see id. at 4 ("Most disturbing was the fact that the Union immediately cancelled Fodera [sic] health insurance benefits and left his family without health insurance.")), Plaintiff's sole argument in support of his irreparable harm claim is that he "will be deprived of the rights and benefits guaranteed him as a union member to participate in union meetings, to vote for the election of officers and otherwise to participate in union affairs, for which he cannot adequately be compensated in damages." (Id. at 8.) In support of this argument, Plaintiff cites to two factually and legally distinguishable cases, one of which is obviously not binding on this Court. The Court is not persuaded by Plaintiff's irreparable harm argument and therefore, Plaintiff's application for preliminary injunction is DENIED.

SO ORDERED.
Dated: August 25, 2005
Brooklyn, NY

_____
Senior U.S.D.J.

P-049